Filed 6/15/22  In re P.B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| In re P.B., a Person Coming Under the Juvenile Court Law. | C094137 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>P.B.,<br><br>Defendant and Appellant. | (Super. Ct. No. JV139953) |

The minor P.B. appeals from a judgment following a contested disposition hearing removing the minor from his mother's care and ordering sex offender treatment at a group home or short-term residential therapeutic program.  The minor claims (1) the order was based on unreasonable inferences unsupported by the record, and (2) he received disparate treatment because another minor was allowed to complete sex offender treatment from home.  Finding no abuse of discretion or error, we will affirm the judgment.

1

BACKGROUND

On February 26, 2019, the People filed a juvenile wardship petition alleging the minor, who was then 13 years old, had committed a robbery. (Pen. Code, § 211.)[1] The minor resolved the petition by admitting an attempted robbery. (§§ 664/221.) According to the stipulated factual basis for the plea, the minor kicked the victim in an attempt to obtain money from her backpack. The juvenile court adjudged the minor a ward of the court (Welf. & Inst. Code, § 602) and placed him on probation with various terms and conditions, including that he serve 52 days of home confinement with credit for 45 days served, complete 24 hours of community service, and pay a $100 restitution fine.

On December 5, 2019, the People filed a second wardship petition alleging that on December 3, 2019, the minor committed a robbery (§ 211—count 1), and that on June 25, 2019, the minor engaged in lewd and lascivious acts upon a child under the age of 14 (§ 288, subd. (a)—count 2), lewd and lascivious acts upon a child under the age of 14 by use of force or fear (§ 288, subd. (b)(1)—count 3), sodomy by force or fear (§ 286, subd. (c)(2)(B)—count 4), and robbery (§ 211—count 5).

The juvenile court ordered a psychological evaluation of the minor pursuant to section 288.1, resulting in a report from Dr. Matthew Soulier. Dr. Soulier recommended residential juvenile sex offender therapy if the allegations were found true.

The minor admitted the count 1 December 2019 robbery and the count 2 June 2019 lewd and lascivious conduct and the juvenile court placed the minor on home supervision. The factual basis for the robbery was that the minor and accomplices punched the victim and took a pouch containing insulin, money, and other personal property, and the factual basis for the lewd and lascivious conduct was that the minor (age 14) engaged in anal intercourse with the victim (age 12). It was acknowledged that

---

[1] Undesignated statutory references are to the Penal Code.

the minor would be subject to juvenile sex offender counseling and the possibility of a Level A placement. His maximum confinement time was nine years eight months, and the remaining counts were dismissed. The matter was set for a disposition hearing on December 18, 2020.

The probation department's December 15, 2020 disposition report recommended the minor be removed and placed in a short-term residential therapeutic program for juvenile sex offender treatment and other counseling. The report said that although the minor had been maintained on electronic monitoring and home supervision, removal to a more structured environment was needed given the minor's prior failures in participation, the nature of the sexual assault, and the presence of young children in his mother's home.

With the parties' consent, the juvenile court conducted the contested disposition hearing with a disposition hearing for another minor, J.F., who had been involved in the alleged robbery and sexual conduct. Among the witnesses at the hearing was Dr. Soulier, who opined that if the minor's conduct was not forced, it would not be appropriate to commit him, and if the minor obeyed probation and did well in school, outpatient therapy might be appropriate. But Dr. Soulier said the fact that younger children had been present during the incident indicated "brazen" conduct associated with a higher risk. He said the more antisocial acts there were, the more he would lean toward a residential program for the minor.

The minor had spent 88 days in juvenile hall, 269 days on electronic monitoring, and 171 days on home supervision. He had no new probation violations. The victim's mother described the lingering harm suffered by the victim and her siblings, saying the victim remained fearful to leave home due to the possibility of encountering the minor in her community.

The minor's counsel argued the juvenile court should order outpatient juvenile sex offender therapy consistent with Dr. Soulier's testimony. J.F.'s counsel also argued for

outpatient treatment, noting that J.F. was a straight-A student who had never been in trouble with the law before.

The prosecutor argued for removal of the minor and placement in a residential sex offender treatment program consistent with probation's recommendation. The prosecutor argued that even if the victim knew the boys and invited them over, the sexual assault involved serious conduct that necessitated structured treatment. According to the prosecutor, the minor and J.F. disregarded the victim's siblings, stole items from the room, and subsequently assaulted and robbed another victim on a light rail train.

The juvenile court explained that the contested dispositional hearing had been set to determine whether the minor and J.F. should be ordered to complete juvenile sex offender treatment in a community setting or a short-term residential therapeutic program. As to the minor, the juvenile court ordered his removal for sex offender treatment at a group home or short-term residential therapeutic program. As for J.F., the juvenile court ordered treatment in a community setting.

The juvenile court concluded the victim met the minor two days before the offense but knew J.F. longer. There was no evidence the victim planned to have sex with the minor and J.F., but there was evidence the minor and J.F. planned to have sex with the victim. According to the forensic evidence, witness testimony, and admissions, the minor and J.F. had sex with the victim that night. The juvenile court determined that however the sexual encounter may have begun, the victim did not cooperate in the continued sexual activity, remaining frozen as a result of trauma and requiring the minor and J.F. to physically move her to accomplish their sexual acts. As a result, the victim sustained bleeding and suffered pain and cramping which the juvenile court found was consistent with the application of force. According to the juvenile court, the minor and J.F. also attempted to control the siblings and scared them. The minor and J.F. stole shoes, a phone, and other personal belongings when they fled the scene.

4

The juvenile court determined the minor would be required to complete residential treatment. While noting it was a close case, the juvenile court ruled J.F. would be allowed to complete his treatment from home because he had no prior criminal history, had a laudable school record, and was younger than the minor when the offense was committed.

DISCUSSION

I

The minor argues the juvenile court's order was based on unreasonable inferences unsupported by the record.

We review a juvenile court's placement order for an abuse of discretion. (*In re Khamphouy S.* (1993) 12 Cal.App.4th 1130, 1135.) In conducting this review, " '[w]e must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them.' " (*In re Lorenza M.* (1989) 212 Cal.App.3d 49, 53.) "[J]uvenile proceedings are primarily 'rehabilitative' ([Welf. & Inst., § 202], subd. (b)), and punishment in the form of 'retribution' is disallowed (*id*., subd. (e))." (*In re Eddie M.* (2003) 31 Cal.4th 480, 507, questioned on another point in *People v. Gray* (2021) 63 Cal.App.5th 947, 954.) However, "[w]ithin these bounds, the court has broad discretion to choose probation and/or various forms of custodial confinement in order to hold juveniles accountable for their behavior, and to protect the public. ([Welf. & Inst., § 202,] subd. (e).)" (*Eddie M*., at p. 507.) "It is not the responsibility of this court to determine what we believe would be the most appropriate placement for a minor. This is the duty of the trial court, whose determination we reverse only if it has acted beyond the scope of reason." (*Khamphouy S*., at p. 1135.)

In determining an appropriate disposition, the juvenile court may consider any relevant evidence, which shall include: "(1) the age of the minor, (2) the circumstances

5

and gravity of the offense committed by the minor, and (3) the minor's previous delinquent history." (Welf. & Inst. Code, § 725.5.)

The minor does not contend the juvenile court misunderstood these factors or applied different factors. Rather, the minor argues the juvenile court abused its discretion because the juvenile court's determination that he used force when engaging in sexual intercourse with the victim was based on unreasonable inferences. He further argues that the lengthy period within which he had gone without a new offense necessitated a finding that he could be safely treated at home. We conclude the juvenile court did not abuse its discretion.

Here, substantial evidence supports the juvenile court's determination that the minor had applied some degree of force when engaging in sexual activity with the victim. As demonstrated by the minor's own evidence, the victim's brother saw the minor and J.F. physically manipulating the victim. The minor and J.F. moved her so they could accomplish the sex acts. The victim's brother saw them having intercourse with her and the factual basis for the minor's plea stipulated that he had engaged in anal intercourse with her. The victim's bleeding and other symptoms following the assault further support the juvenile court's finding that the boys engaged in forceful sexual activity. The forcefulness finding was also consistent with the victim's report to authorities as recounted in the probation department's disposition report.

Moreover, substantial evidence supports the juvenile court's concern regarding the minor's multiple felonious acts within a 10-month period. It is undisputed that the minor committed attempted robbery on February 24, 2019, engaged in lewd and lascivious acts with a 12 year old on June 25, 2019, and committed a robbery on December 4, 2019. The latter two acts were committed while the minor was on probation.

The minor nevertheless argues the passage of time without a new petition shows he could safely be maintained at home. But maintenance was not the only consideration; the juvenile court was also considering reform. (Welf. & Inst. Code, § 202, subd. (b).)

6

As documented in the probation department's disposition report, the minor was discharged from counseling for failure to attend sessions, had a history of fighting in school, and had a spotty school participation history. The juvenile court's decision to remove the minor to a structured environment is supported by the record. There was no abuse of discretion.

## II

The minor further argues that when compared to J.F., he received disparate treatment. He states he is not making an equal protection claim but simply asserting unequal treatment. He also acknowledges that his circumstances are not identical to J.F.'s.

The juvenile court's order clearly delineated its reasons for treating J.F. differently: that J.F. was younger, did not have a prior criminal record, and was doing well in school. The minor has not established error.

## DISPOSITION

The judgment is affirmed.

/S/

MAURO, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

DUARTE, J.